UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL GARDNER, CLARA LEWANDOWSKI,
and ROLAND MCLENNAN, SR., and all others
similarly situated, a Certified Class,

                Plaintiffs,

v.                                                Case Number 99-10176
                                                Honorable David M. Lawson

LAFARGE CORPORATION,

                Defendant.
_____ /

## ORDER OVERRULING OBJECTIONS, APPROVING
## CLASS SETTLEMENT, AND DISMISSING CASE

      This matter is before the Court to determine whether an amended settlement agreement should be given final approval. The Court entered an order granting preliminary approval to an amended settlement agreement, directing that notice be given to class members, and fixing a date for filing objections. On May 29, 2007, the former class representatives, Julie Olden, Richard Hunter, and Wilbur Bleau, and some sixty-seven class members (collectively, the "objectors") filed objections to the proposed amended settlement agreement, which generally repeated the objections made in their August 7, 2006 filing in opposition to the original settlement agreement then before the Court. In addition, the objectors take issue with a request for attorney's fees (although no such request has been made yet), and they ask the Court to award them fees and costs pursuant to Federal Rule of Civil Procedure 23(h) for the expenses incurred in raising these objections.

      The Court held a hearing on the motion and objections on June 8, 2007, but the objectors, who are represented by counsel, failed to appear. After reviewing the submissions of the parties and considering the arguments and representations presented at the hearing, the Court finds that the

objections raise no new issues warranting reconsideration, they are without merit, and the settlement is fair, reasonable, and adequate. Therefore, the Court will overrule the objections, approve the settlement, and dismiss the case.

## I. Procedural Background

On April 19, 1999, a class action complaint was filed with this Court on behalf of Julie Olden, Richard Hunter, Wilbur Bleau and all others similarly situated seeking compensation based on defendant Lafarge Corporation's emission of pollutants in and around Alpena, Michigan. On October 24, 2001, this Court certified the matter as a class action. After seven years of litigation, including appeals to the Sixth Circuit and the Supreme Court, the parties were able to negotiate a proposed settlement agreement.

The Court granted preliminary approval to the proposed settlement agreement on June 28, 2006, but controversy arose shortly thereafter. On August 7, 2006, class counsel, David Dubin and Steven Liddle, filed a motion to withdraw as counsel for the then-class representatives, Julie Olden, Richard Hunter, and Wilbur Bleau; the relationship apparently suffered from a dispute over the terms of the class banner award, and accusations of attorney incompetence appeared in the local newspapers. That same day, the then-class representatives and other class members represented by separate counsel filed objections to the terms of the proposed settlement agreement and a request for exclusion from the settlement class that purportedly was contingent on the Court overruling their objections. The objections asserted at the time were as follows:

> (1) The settlement agreement was never approved by two of the class representative[s], the other class representative had rescinded her approval of the settlement, and Class Counsel did not disclose these facts to the Court.

(2) Class counsel has not named any expert witnesses or made any expert disclosures; nor does it appear that Class Counsel has taken any depositions or conducted any written discovery.

(3) The settlement would release all claims, even personal injury claims that have not yet accrued, for minimal or no consideration.

(4) The settlement arbitrarily expands the class from people actually damaged by LaFarge's emissions to everyone in the City of Alpena, with no rationale given.

(5) The settlement forces all class members who previously opted out of the litigation (about 414 households) back into the class.

(6) The deadline to object to the settlement is the same as the deadline to opt out.

(7) There is no justification given for the requested attorneys fees.

Objections to Prop. Sett. Agr. [dkt # 104] at 2-3.

On August 24, 2006, the defendant filed a motion to strike the contingent requests for exclusion. On September 7, 2006, the Court held a hearing on that motion, the motion to withdraw as counsel, and to determine whether, in light of the objections, the proposed settlement agreement should be given final approval. On that same day, the Court issued an order finding that it was impermissible for the class members to file contingent requests for exclusion and set a deadline for the class members who filed contingent requests to decide to opt out or not. On September 21, 2006, thirty-one class members filed unequivocal requests for exclusion.

On January 29, 2007, the Court filed an opinion and order determining that all of the objections (save one) were without merit. The one objection deemed meritorious criticized a provision of the agreement that would have operated to make individuals part of the settlement class even if they already had opted-out of the litigation class. The Court held that it could not approve this provision and therefore disapproved the entire proposed settlement, despite its view that the substantive parts of the settlement agreement were fair, reasonable, and adequate. The Court also

granted the request of class counsel to withdraw from representing the named class representatives and approved the substitution of new class representatives. Class counsel then filed an amended complaint on February 12, 2007 naming as class representatives those individuals whom the Court approved.

Also in its January 29, 2007 opinion and order, the Court granted the defendant's motion to strike the contingent requests for exclusion and deemed them legally ineffective. Thereafter, the Court amended its order to account for those thirty-one individuals who had filed unequivocal opt-out elections under the Court's September 7, 2006 order, save Judy L. Smith, who subsequently evinced her desire to participate in the settlement agreement.

On March 12, 2007, the parties filed a joint motion for preliminary approval of the amended settlement agreement, which the Court granted on March 27, 2007. The Court found that the amended settlement was substantially the same as the previous agreement except for the change to address the Court's concern over the opt-out provision. The principal terms of the settlement agreement, which the Court had previously deemed fair, reasonable, and adequate, remained unaffected. The Court also approved the parties' proposed method of giving notice to the absentee class members of the terms of the amended settlement agreement and informing them that they could file objections thereto on or before May 29, 2007. The Court set a hearing date in Bay City for June 8, 2007 to consider any such objections and to determine whether the amended settlement should be finally approved. The Court supplemented its order on April 6, 2007 to clarify that it did not intend to extend the date for opting out of the settlement class, but only gave parties a deadline to opt back into the settlement class.

II. The renewed objections

On May 29, 2007, the objectors timely filed their objections to the amended settlement agreement. The objectors concede that their objections and arguments are the same as those stated in their August 7, 2006 objections, which the Court already rejected, but they state that they have supplemented their arguments with additional data. They also object to the request for attorney's fees, even though there has not been such a request yet, and they also objected to attorney's fees last fall. They also agree that the main substantive parts of the amended settlement are identical to the original settlement agreement.

The objectors make two main points in their brief. First, they cite data to establish that Lafarge is the leading emitter of air pollutants in Alpena County, especially of airborne mercury, which is released into the air when the defendant burns flyash in its kilns. They state that tests show that Lafarge emits between 422 to 555 pounds of mercury per year, but the Michigan Department of Environmental Quality (MDEQ) has yet to impose limitations on the company's mercury emissions. They also note that no one has undertaken a comprehensive study to determine the potential risks to residents in the Alpena area from this particular toxin.

The objectors' second point follows from the first: that the settlement agreement will release all conceivable claims and provide most class members with little or no consideration in return. Their argument is extremely cursory: they simply quote the definition of "claims," note that the agreement releases even those claims based upon environmental statutes and for unmanifested personal injury, and assert that the claims released are not expressly limited to Lafarge's pre-settlement operations. Among the objectors' exhibits is an affidavit from Alexander Sagady, an environmental consultant, who avers that the quantity of mercury emitted by the defendant likely

poses a significant risk to human health and environmental welfare in and around Alpena, Michigan, the risk is heightened by virtue of the fact that the majority of the mercury emitted is oxidized, but concedes that the precise risk posed cannot be known until a "Multi-Pathway Risk Assessment" is conducted, which would take into account "the physical-chemical form of emissions and local conditions, deposition rates, local water bodies and meteorological conditions." Objections to Amend. Sett. Agr. [dkt # 146], Ex. B, Aff. of Sagady at ¶ 45.

The MDEQ has engaged in efforts to limit mercury emissions at Lafarge. A limitation placed in a license was overturned by a state court because there has been no rule making or legislation setting limits. The MDEQ apparently is working with Lafarge to limit emissions of mercury, as least according to the latest data offered by the objectors, which is the MDEQ report of October 26, 2006.

Finally, the objectors have requested attorney fees for filing the objections.

### III. The amended settlement agreement

As mentioned earlier, the amended settlement agreement preserves the principal terms of the original settlement agreement signed on June 20, 2006. The main change provides that persons who excluded themselves from the litigation class need do nothing more to ensure that they will not be bound by the settlement. However, the amended agreement also provides excluded individuals with another chance to opt in. The amendments also reflect the substitution of the class representatives, and, in accord with that change, provide for a smaller class banner award.

The parties did not make any amendments to the payment terms. In exchange for a release of the settlement class members' claims, defendant Lafarge agrees to distribute $1.9 million to the members of the settlement class pursuant to a formula and make $700,000-worth of capital

improvements. The capital improvements include a $200,000 upgrade to the plant's dust collection apparatuses and pavement of a parking lot and road at a cost of $500,000. The formula for distribution of the $1.9 million dollars calls for varied payments depending upon factors such as whether the claimant owned or rented her home, where the claimant resided, and the percentage of time the claimant owned or rented her home out of the total relevant period (i.e., April 19, 1996 through June 20, 2006). It is impossible to determine precisely the amount of money each claimant will receive at the present because the award of attorney's fees and the class banner awards will be satisfied out of the $1.9 million before the claimants' distribution payments are calculated, and it is unknown how many individuals will file claims. However, although the formula establishes "assumed values" for the various types of claims, it also provides that the fund will be distributed in full on a *pro rata* basis to all the claimants.

The amended settlement agreement also preserves the scope of the released claims specified in the original settlement agreement. The definition of "Claims" is predictably broad, covering virtually every conceivable claim related to the alleged emission of pollutants from the defendant's Alpena plant. There is, however, one major exception; not released are claims for personal injury that were brought to the attention of a health care provider prior to June 20, 2006.

The parties have likewise left untouched the provisions concerning class counsel's attorney's fees. The agreement contemplates an application by class counsel prior to the approval hearing, but that provision will yield to Federal Rules of Civil Procedure 23(h) and 54(d)(2), which establish a post-approval deadline for fee applications.

IV. Applicable law

The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e)(1)(A), (C). Rule 23(e)(1)(A) provides that "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class." Rule 23(e)(1)(C) states that "[t]he court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." As a part of this process, "[a]ny class member may object to a proposed settlement, voluntary dismissal, or compromise that requires court approval under Rule 23(e)(1)(A)." Fed. R. Civ. P. 23(e)(4)(A). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Manual for Complex Litigation § 23.632-.633 (4th ed.); *see also Tennesseee Ass'n of Health Maintenance Organizations, Inc. v. Grier*, 262 F.3d 559, 565 (6th Cir. 2001).

In determining whether a settlement agreement is sufficiently fair to warrant final approval, Sixth Circuit precedent instructs courts to consider the following three factors: "'the likelihood of success on the merits, the risk associated with and the expense and complexity of litigation, and the objections raised by class members." *Detroit Police Officers Ass'n v. Young*, 920 F. Supp 755, 761 (E.D. Mich. 1995) (quoting *Granada Investments, Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). *See also Williams v. Vukovich*, 720 F.2d 909, 920-923 (6th Cir. 1983) (discussing factors a court should consider in determining whether to approve finally a consent decree in the class

action context). In assessing the significance of these factors, the Court enjoys wide discretion. *Young*, 920 F. Supp. at 761. Nevertheless, in ruling on the legitimacy of a preliminarily-approved settlement agreement, the Court "may only approve or disapprove the settlement proposal;" it may not revise it. *Ibid.* In addition, the Court must bear in mind the limited scope of its task and resist the temptation to convert the fairness hearing into a trial on the merits: the Court's role "'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers For Justice v. Civil Service Commisions, etc.*, 688 F.2d 615, 615 (9th Cir. 1982)). *See also Williams*, 720 F.2d at 921 ("The Court has no occasion to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties.").

The objectors' request for attorney's fees invokes Federal Rule of Civil Procedure 23(h). That rule incorporates Rule 54(d)(2), which includes a filing deadline. Most of the motions filed under this Rule are motions by class counsel to obtain attorney's fees upon resolution of a class action. *See, e.g.,Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830, 857 (E.D. La. 2007). The Court has found no cases addressing a motion for attorneys fees under Rule 23(h) by counsel for objectors, but the terms of the Rule do not themselves foreclose the possibility of such an award. In addition, the committee notes to Rule 23(h) provide that "[i]n some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as . . . attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel." Federal Rule of Civil Procedure 23, Committee Notes to Subdivision

(h). *See also* Manual for Complex Litigation § 14.11 (4th ed.). In all cases, the Court exercises its discretion in adjudicating motions for attorney's fees. *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996) (stating that "[i]t is within the district court's discretion to determine the appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique characteristics of the actual cases before them") (internal quotation marks omitted).

V. Discussion

As the Court stated at the hearing on June 8, 2007, the amended settlement agreement is fair, reasonable, adequate, and in the best interests of the settlement class. The Court overrules the objections and grants final approval to the amended settlement agreement.

The data cited by the objectors concerning mercury emissions does not preclude these findings. Although the defendant concedes that mercury in high quantities can be harmful, it aptly points out that the objectors have offered no objective or reliable information to show that anyone in Alpena has or will be injured by mercury. Rather, the defendant has filed the affidavit of Robert Chafee, who states that mercury testing in the local watershed "does not demonstrate any disparate impact on water quality or fish tissue in the vicinity of Alpena, Michigan that could be associated with mercury emissions from Lafarge's Alpena, Michigan plant." Def.'s Resp. to Renewed Objs., Ex. 1, Aff. of Chaffee at ¶ 3. *See also id.* at ¶ 4 (averring that mercury levels in the nearby Lake Besser are "amongst the lowest levels for mercury within the waters of the State of Michigan"). The defendant further states that "a focus on mercury emissions is not new to this lawsuit" given that the original class representatives asserted claims about mercury emissions in their answers to interrogatories served in 1999 and 2000. Def.'s Resp. to Renewed Objs. at 7 (citing dkt # 115).

Class counsel Steven Liddle informed the Court that he was aware of the issue and took it into account during settlement negotiations. This assertion is corroborated by the public nature of the data regarding the defendant's mercury emissions and class counsel's diligence concerning this case in general. This conclusion is bolstered further by the fact that, in response to the objectors' previous criticism of class counsel's discovery efforts, class counsel represented that they obtained "massive amounts" of data from other sources, including over fifteen banker's boxes of documents from the EPA and the MDEQ. *See* Class Counsel's Memo in Supp. of Jt. Mot. to Approve Orig. Sett. Agr. [dkt # 117] at 9-10. Significantly, class counsel stated that they obtained "all complaints, sampling, monitoring, Letters of Violation, consent decrees, and other documentation relative to Lafarge maintained by the MDEQ," which in itself amounted to "thousands of pages." *Id.* at 10.

Moreover, the consideration for the settlement is substantial, particularly compared to other air pollution class settlements of which the court is aware. Given the lack of persuasive data offered by the objectors, the speculative nature of their concerns, and the exclusion from the release of those individuals who have documented health claims, the Court is satisfied that the settlement is adequate and fair.

To the extent that the objectors suggest this amended settlement agreement would immunize the defendant from future actions concerning mercury emissions, they overstate the point. The agreement does nothing to limit the ability of non-class members of the public to sue based upon the defendant's mercury emissions, if appropriate. The government also has the ability to regulate mercury emissions in the future. Based upon the very evidence submitted by the objectors, it is apparent that the MDEQ is highly aware of the defendant's mercury emissions, has taken steps to combat the problem, and may take further action in the future. Therefore, it is simply disingenuous

to speak as though approval of the amended settlement agreement would sanction unreasonable mercury emissions by the defendant.

The objectors also miss the mark when they suggest that the settlement may not be limited to Lafarge's pre-settlement operations. According to the scope of the claims released, the agreement *is* so limited. The definition of "claims" is expressly confined to causes of action "which were or could have been pleaded in this Lawsuit." Orig. Sett. Agr. § 1.D. Members of the settlement class could still sue based on future pollution or other wrongdoing.

The objectors' opposition to the amended settlement agreement on the ground that there is no basis to evaluate the propriety of the request for attorney's fees lacks merit because there has been no fee request yet, and when there is, the rules provide an opportunity to object at that time.

The remainder of the objections are overrule because the Court already adjudicated them in its January 29, 2007 opinion and order. The "renewed" objections amount to nothing more than a request for reconsideration. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3). The objectors have failed to make an adequate showing to warrant relief on reconsideration.

Finally, the objectors' counsel's request for attorney's fees will be denied. Fees should not be awarded with respect to the present "renewed" objections because those objections are meritless. The Court finds that the objectors' counsel's work did not produce a beneficial result for the class.

## VI. Conclusion

The Court finds that notices to the class members of the class action and the original settlement agreement were properly mailed to members of the class and published in the *Alpena News* in accordance with the orders of the Court. The Court also finds that the additional notices of the amended settlement agreement were properly mailed to persons who had requested exclusion from the litigation class on or before February 3, 2002, or were published in the *Alpena News*. The Court finds that these notices comply with Federal Rules of Civil Procedure 23 and the requirements of due process in all respects.

Based upon the parties' submissions and the representations made at the hearing in open court on June 8, 2007, the Court finds that the amended settlement agreement is fair, reasonable, adequate, and in the best interest of the class, and the proposed formula for distribution is reasonable and fair.

The Court further finds that the settlement is fair to those members of the class who are minors, their interests are adequately represented in the action by the appointment of each minor's parent or legal guardian, who is a member of the settlement class, as the minor's next friend, and the minors have suffered no prejudice by the absence of a guardian ad litem.

Accordingly, it is **ORDERED** that the joint motion for final approval of the amended settlement agreement [dkt # 139] is **GRANTED**.

It is further **ORDERED** that the objections to the amended settlement agreement filed May 29, 2007 [dkt # 146] are **OVERRULED**.

It is further **ORDERED** that the amended settlement agreement is **APPROVED** in all respects.

It is further **ORDERED** that class counsel shall submit to the Court the final list of opt-outs within **seven** days of the close of the extended claims period provided for in paragraph 4 of the amendments to the settlement agreement. That list shall be comprised of persons who (1) timely requested exclusion from the litigation class in accordance with the Court's November 30, 2001 order and do not file an affidavit form requesting a payment from the settlement fund prior to the expiration of the extended claims period, or (2) timely requested exclusion from the settlement class in accordance with the Court's orders of June 28, 2006, September 7, 2006, January 29, 2007, or February 28, 2007.

It is further **ORDERED** that class counsel and the defendant shall forthwith comply with sections 6 through 10 of the amended settlement agreement, and the defendant shall pay the settlement sums and undertake the capital improvements consistent with or required by the amended settlement agreement.

It is further **ORDERED** that upon the payment of such sums and performance of such acts as are called for in this order and defined in the amended settlement agreement, defendant Lafarge Corporation, now known as Lafarge North America Inc., and its representatives, subsidiaries, affiliates, related entities, shall be released from liability for claims and damages according to the terms of the amended settlement agreement.

It is further **ORDERED** that the formulae for distribution of the settlement fund set forth in paragraph 7 of the amended settlement agreement are approved and ratified, and class counsel shall receive, disburse, and account for the settlement proceeds as provided in the amended settlement agreement. Class Counsel shall provide and file with the Court and the defendant a report setting forth the proposed distribution of all funds paid by the defendant as called for in the amended settlement agreement upon completion of the evaluation of the requests for payment received from class members.

It is further **ORDERED** that the award of $2,500 to each of the plaintiff class representatives, being Carl. R. Gardner, Roland L. McLennan, Sr., and Clara Lewandowski, for his or her diligence and participation in the advancement of the interests of the settlement class in this litigation, is hereby approved in lieu of the specific class awards described in the amended settlement agreement to be paid at the same time as payments are made for each accepted certified request made for payment. These awards to the plaintiff class representatives shall be deducted from the settlement fund prior to determining the amounts to be distributed to the claimants.

It is further **ORDERED** that members of the class who did not file claims for payment by February 1, 2007 or during the extended claims period set forth in paragraph 4 of the amendments to the settlement agreement shall be deemed to have waived their right to receive payment from the settlement funds.

It is further **ORDERED** that the request by the objectors for attorney's fees is **DENIED**.

It is further **ORDERED** that this action is **DISMISSED WITH PREJUDICE AND WITHOUT COSTS** to any party; provided, however, that this Court retains jurisdiction over all

matters relating to the administration of the amended settlement agreement, including allocation and distribution of the Settlement Fund.

                                                                      s/David M. Lawson
                                                                       DAVID M. LAWSON
                                                                       United States District Judge

Dated: June 12, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2007.

                              s/Felicia M. Moses
                              FELICIA M. MOSES